In the Matter of DAVID PARIS, an Attorney, Respondent.

First Department, October 21, 1941.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Sanford H. Cohen* of counsel [*George Cohen* with him on the brief], for the respondent.

UNTERMYER, J.  In 1933 the respondent's brother was convicted in the United States District Court, Southern District of New York, of using the mails to defraud.  The respondent, who had not represented his brother at the trial, appeared as his attorney on a motion for a new trial with nine affidavits, including affidavits of persons who had been witnesses for the government, in which they recanted testimony given at the trial and charged the prosecuting officers with improper and coercive tactics in procuring their testimony.  Five of these persons, including one Samuel Walters and his brother David Walters, subsequently made affidavits to the effect that their signatures had been forged.  After a hearing, at which the respondent was charged with contempt of court in submitting these five affidavits, the United States District Judge found that three of the five affidavits were forged and, for his failure to make sufficient inquiry concerning them, suspended the respondent from practice in the United States courts for a period of five years.  The United States District Judge did not find, however, that the affidavits of Samuel and David Walters, claimed by the respondent to have been executed in his presence, were forged.

In this proceeding the respondent is charged with submitting these affidavits to the District Court without adequate investigation concerning their authenticity.  The matter was referred to an official referee who found in favor of the respondent and recommended that the charge be dismissed.  After careful consideration of the record, we are of opinion that with a single modification the findings and conclusions of the referee are correct.

Although three of the nine affidavits were concededly forged, the official referee concluded that they were accepted by the respondent in the belief that they were genuine. From mere inspection they would appear to have been properly verified before various notaries public, and were largely corroborative of. other affidavits, concededly genuine, filed on the motion for a new trial. We are, therefore, fully in accord with the conclusion of the official referee that the evidence fails to establish that the respondent was aware of the forgeries until the inquiry conducted in the United States District Court revealed that fact. If the respondent had submitted these affidavits to the court with knowledge that they were forged then we would agree that he should be disbarred.

We think, however, that in the light of all the circumstances the respondent should have exercised greater care in investigating the authenticity of the affidavits before using them on the motion for a new trial. These affidavits had been procured by Samuel Walters who had previously been convicted of forgery. They purported to repudiate testimony given at the trial of the respondent's brother and contained serious charges against the prosecuting officers of the government. Although under ordinary circumstances it cannot be held that an attorney is under a duty to investigate the authenticity of affidavits which appear to be duly notarized, the unusual conditions under which these affidavits were procured and received by the respondent imposed upon him the obligation of investigating their genuineness with a greater degree of care than he exercised.

Considering the punishment already inflicted by the suspension in the Federal court and that the respondent is not guilty of any intentional wrongdoing, we are of opinion that a censure is sufficient punishment.

The respondent should be censured.

O'MALLEY and GLENNON, JJ., concur; MARTIN, P. J., and DORE, J., dissent for disbarment.

MARTIN, P. J. (dissenting). We are of the opinion that the report of the official referee finding the respondent not guilty of professional misconduct is against the overwhelming weight of the evidence.

The evidence discloses that the respondent prepared five affidavits which were thereafter submitted by him as attorney for his brother Sidney Paris in support of an application by the latter for a new trial in the United States District Court for the Southern District of New York. The affidavits repudiated testimony previously given on the trial of a criminal case which resulted in

the conviction of Sidney Paris. In addition, they contained serious charges against certain government officials. It is conceded that the signatures on three of these affidavits were forged. It is admitted that the respondent personally prepared and dictated three of these affidavits without personally interviewing the affiants, two of whom had definitely refused to talk to either the respondent or his brother. It is also conceded that the affidavits are of such a nature and so in conflict with the testimony given by the affiants on the criminal trial that each affiant would be liable to a charge of perjury by executing the affidavits in question.

It is the contention of the respondent that Samuel L. Walter, who had been convicted of both forgery and larceny and had pleaded guilty in the criminal case charging fraudulent use of the mails, which resulted in the conviction of the respondent's brother, Sidney Paris, said that he would have the affidavits executed and, therefore, the respondent prepared them and gave them to Walter. Walter denied this charge and there is testimony and other evidence in the record to sustain his statement. The respondent admits that on the return day of the motion for a new trial he was warned by Walter that the affidavits would be challenged as forgeries. Nevertheless, instead of investigating their genuineness, the respondent submitted them to the court and urged their validity.

The record discloses that in open court the respondent addressed Judge CAFFEY as follows:

" * * * I tell your Honor as an officer of the court that some of the very affidavits that were taken were signed in my presence by the very affiants who made them. They are made on one hundred per cent truth * * *

" * * * I say that I have submitted these affidavits and that I have seen some of those affidavits signed; they were signed in my presence, so they cannot be forgeries — impossible."

The evidence overwhelmingly established that the affidavits in question were not signed by the alleged affiants. That fact is established, not only by the testimony of the alleged affiants themselves but by the testimony of expert witnesses. One handwriting expert, Bushrod H. Spencer, testified that he had been retained by Mr. Lerch, *the attorney for the respondent,* in the proceedings before Judge CAFFEY. He testified before the official referee that he studied the five affidavits in question and then wrote to Mr. Lerch that the signatures to the five affidavits were " written by one person and not by the various persons whose names are signed;" that he could not " give any testimony that will be of benefit to your side of the case," and he then withdrew from the case. His testimony includes the following statement:

"After I got specimen handwritings of Sidney Paris I took them home Saturday night and studied them Saturday and Sunday and then I wrote a letter to the effect that in my opinion Sidney Paris wrote all the five signatures."

The respondent, who acted as attorney for his brother, Sidney Paris, on the latter's application for a new trial, must have known the handwriting of his brother. The record, in fact, discloses that Sidney Paris signed an affidavit submitted by the respondent in support of the application for a new trial.

There are many other facts contained in the record which convince us that the respondent, if he did not actually know that the signatures were forged, at least had reason to doubt their validity and was under a duty to inquire into the truthfulness of their contents and the validity of the signatures. The respondent not only failed to discharge this duty but attempted to mislead the court by vouching for the genuineness of some of the signatures, showing a disregard of the obligations of an attorney as an officer of the court.

The respondent should be disbarred.

DORE, J., concurs.

Respondent censured.